# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA BICKERSTAFF,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>　　　　　　　　　　　Defendant. | Case No.: 23-cv-2075-RSH-JLB<br><br>**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>[ECF No. 44] |

Before the Court is a motion for leave to amend the complaint filed by plaintiff Samantha Bickerstaff. ECF No. 44. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court grants the motion.

## I. BACKGROUND

### A. General

The case arises out of defendant Amazon.com Services LLC's sale of an electric blanket on the Amazon.com website. The blanket allegedly caught fire burning Plaintiff.

On August 8, 2023, Plaintiff filed her Complaint in California Superior Court using a standard form complaint. ECF No. 1-3. The Complaint sets forth claims for:

1

(1) strict liability; (2) negligence; and (3) breach of warranty. *Id.* at 6. Plaintiff did not check the box on her form complaint indicating that she was seeking punitive damages. *Id.* at 5.

On November 9, 2023, Defendant removed this action to this Court. ECF No. 1. The Court issued a Scheduling Order setting the deadline to amend pleadings to March 8, 2024. ECF No. 28 ¶ 3. Fact discovery closed on July 12, 2024. *Id.* ¶ 4. On October 9, 2024, Plaintiff filed the instant motion for leave to amend attaching a proposed First Amended Complaint ("FAC"). ECF Nos. 44, 44-2 at 5–19. Defendant filed a response and Plaintiff filed a reply. ECF Nos. 47; 50. As the motion was pending, expert discovery closed on November 1, 2024. ECF No. 28 ¶ 7. On November 25, 2024, the court granted Defendant's ex parte application continuing the remaining pretrial deadlines in this case pending the resolution of the instant motion. ECF No. 52.

**B.     Proposed FAC**

According to Plaintiff, the proposed FAC is a "long form complaint" that "complies with the Federal Rules of Civil Procedure and clarifies the theories of negligence and products liability" that were previously pleaded in her state court complaint. ECF No. 44-1 at 4. Notably, the FAC newly asserts a demand for punitive damages alleging Defendant sold the electric blanket at issue while being "aware of the probable dangerous consequences" of its conduct and "deliberately fail[ing] to avoid those consequences." FAC ¶ 28. In support of this demand, the FAC alleges the following.

Plaintiff's parents purchased the electric blanket at issue as a gift on November 15, 2021. FAC ¶¶ 9, 22. Plaintiff was burned on or around January 18, 2022. *Id.* ¶ 9. Defendant allegedly was aware or should have been aware these blankets were defective prior to Plaintiff's injury. *Id.* ¶ 10. Plaintiff bases this allegation on two grounds. First, Defendant allegedly "received numerous complaints" from other customers about the blanket between November 2021 and January 2022 (and afterwards). *Id.* ¶ 14. Second, the FAC alleges that in November 2020, more than 7000 electric blankets sold on the

Amazon.com website were recalled for overheating issues by the Consumer Product Safety Commission ("CPSC"). *Id.* ¶ 15. Defendant allegedly failed to identify that the recalled blankets were the same as blankets being sold in 2021 and 2022, "including the blanket[] sold to Plaintiff's household[.]" *Id.*

## II. LEGAL STANDARD

Once a district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 establishing "a timetable for amending pleadings," a plaintiff's ability to amend a complaint is governed by Rule 16. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 607–08 (9th Cir. 1992). "[A] party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for amendment under Rule 16(b) and only if 'good cause' is shown does the analysis proceed to whether a party can demonstrate that amendment is proper under Rule 15." *Trejo v. Cty. of Imperial*, No. 20-cv-1465-DDL, 2024 U.S. Dist. LEXIS 91993, at *8 (S.D. Cal. May 22, 2024) (quoting *Gratton v. City of Tukwila*, No. 2:22-cv-01598-TL, 2024 U.S. Dist. LEXIS 25138, at *49 (W.D. Wash. Feb. 13, 2024)).

### A. Rule 16

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.* The "good cause" standard is "more stringent" than the "liberal amendment procedures afforded by Rule 15[.]" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006).

"Diligence is a 'case-specific' inquiry that turns primarily on the length of time between the ground necessitating amendment and the movant's request to amend." *Cervantes v. Zimmerman*, No. 17-cv-1230-BAS-NLS, 2019 U.S. Dist. LEXIS 126141, at *37 (S.D. Cal. July 29, 2019). In assessing diligence, courts may consider whether the moving party "knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th

Cir. 1990); *see Romo v. Costco Wholesale Corp.*, No. 19cv01120 JAH-MSB, 2020 U.S. Dist. LEXIS 220552, at *9 (S.D. Cal. Nov. 24, 2020). "Even when the ground for the proposed amendment rests on information learned after the deadline, the diligence inquiry asks whether the plaintiff has sought to interpose its proposed amendment within a reasonably prompt time after learning of the basis for amendment." *Cervantes*, 2019 U.S. Dist. LEXIS 126141, at *38.

**B.    Rule 15**

Federal Rule of Civil Procedure 15(a) governs amended pleadings. Rule 15(a)(1) provides litigants a right to amend once as a matter of course. Rule 15(a)(2) covers all other amendments. When the latter applies, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

Granting leave to amend under Rule 15(a)(2) rests "within the discretion of the district court." *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). "Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "This policy is to be applied with extreme liberality." *Id.* (internal quotation marks omitted). The Ninth Circuit has considered "the following five factors to assess whether to grant leave to amend: '(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint.'" *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Nat. Gas Antitrust Litig.)*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

///

///

///

## III. ANALYSIS

### A. Plaintiff's Diligence

The Court first considers whether Plaintiff has met the good cause standard under Rule 16. Plaintiff contends good cause exists to extend the amendment deadline because Plaintiff newly obtained the documents supporting her FAC on September 13, 2024. ECF No. 50 at 3. Defendant responds that Plaintiff had access to the evidence underlying her new allegations at least as early as July 3, 2024, if not earlier. ECF No. 47 at 8.

"[C]ourts routinely find good cause when a movant shows that facts supporting new amendments were revealed for the first time in discovery." *Pizana v. Sanmedica Int'l LLC*, 345 F.R.D. 469, 481 (E.D. Cal. 2022); *see Macias v. City of Clovis*, No. 1:13-cv-01819-BAM, 2016 U.S. Dist. LEXIS 38964, at *11 (E.D. Cal. Mar. 24, 2016) ("[D]iscovery of new evidence is often sufficient to satisfy the good cause standard."); *Neighborhood Assistance Corp. of Am. v. First One Lending Corp.*, No. SA CV 12-0463-DOC-(MLGx), 2013 U.S. Dist. LEXIS 1110, at *3 (C.D. Cal. Jan. 3, 2013) ("Courts have found that seeking to amend a complaint based on facts uncovered during discovery provides good cause to seek leave to amend."); *Monday v. Saxon Mortg. Servs.*, 2011 U.S. Dist. LEXIS 72785, at *2 (E.D. Cal. July 7, 2011) ("Because plaintiff moves to amend her complaint based on facts uncovered during discovery, the court finds that plaintiff has good cause to seek leave to amend."); *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, 2006 U.S. Dist. LEXIS 94421, at *15–16 (E.D. Cal. Dec. 15, 2006) ("Allowing parties to amend [their pleadings] based on information obtained through discovery is common and well established.") (collecting cases).

Here, Plaintiff avers that documents evidencing prior complaints and injuries relating to the electric blanket were produced in July 2024. Declaration of Theresa Hatch ("Hatch Decl.," ECF No. 44-2 at 1–3) ¶ 4. Plaintiff subsequently noticed a 30(b)(6) deposition seeking testimony regarding (among other topics): "Any and all complaints that REFER, RELATE OR PERTAIN to the BLANKET." ECF No. 50 at 6. On July 8, 2024, Defendant's 30(b)(6) witness testified that there had been additional incidents

involving the electric blanket that had occurred prior to Plaintiff's injury, but "lacked sufficient knowledge to testify" further. Hatch Decl. ¶ 4. The Parties subsequently attended an informal discovery conference with the assigned Magistrate Judge on August 9, 2024. *Id.* Following the conference, the Parties agreed to exchange written discovery in lieu of taking additional 30(b)(6) deposition testimony. *Id.* The document production in connection with this agreement was not completed until September 13, 2024. *Id.* Plaintiff filed the instant motion for leave to amend a little over three weeks afterwards on October 9, 2024. ECF No. 44.

Defendant does not dispute the above, but argues Plaintiff was not diligent in seeking to amend her complaint because at least some of the information underlying her proposed FAC was available to her months before. Specifically, Defendant argues that: (1) Plaintiff started receiving documents on the electric blanket's history on July 3, 2024; (2) Plaintiff obtained testimony from Amazon's 30(b)(6) witness on July 8, 2024 regarding six prior incidents involving the blanket; and (3) Plaintiff should have been aware of the 2020 recall before filing her Complaint as this information was publicly available on the CPSC's website. ECF No. 47 at 12–13.

Plaintiff responds that while she may have possessed *some* of the information underlying the amendments in her proposed FAC, she was not obligated to assert a punitive damages demand before ascertaining all the underlying facts. ECF No. 50 at 5. The Court agrees on the record presented here. Under California law, "conduct is sufficiently culpable to warrant assessment of punitive damages *only* if it involves fraud, oppression or malice." *Ford Motor Co. v. Home Ins. Co.*, 116 Cal. App. 3d 374 (1981) (emphasis in original). Considering this standard, it was not unreasonable for Plaintiff to wait until she developed a more complete picture of Defendant's alleged culpability before seeking to amend her complaint.

The Court is not convinced any delay rests entirely on Plaintiff's shoulders. Notably, Defendant does not explain why the 30(b)(6) deposition of its corporate designee required both a subsequent informal discovery conference with the Magistrate

Judge and additional documents to be produced after the close of fact discovery. There is no dispute Defendant produced additional documents to Plaintiff on August 21, 2024 and September 13, 2024. Declaration of M. Ray Hartman III ("Hartman Decl.," ECF No. 47-1) ¶ 5. According to Plaintiff, these documents detailed twelve additional incidents involving the electric blanket that pre-dated Plaintiff's injury and two incidents occurring afterwards. ECF No. 50 at 4. The documents were designated "CONFIDENTIAL" pursuant to the Protective Order and would not presumably have been publicly available. *Id.*

For the reasons above, the Court concludes Plaintiff has provided a satisfactory explanation for why she waited before seeking leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (holding there was no "unjust delay" where plaintiffs "waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct."); *see also Mancuso v. USAA Sav. Bank*, No. 2:20-cv-01656-RFB-BNW, 2021 U.S. Dist. LEXIS 132733, at *10 (D. Nev. July 16, 2021) ("Waiting until the movant has sufficient evidence upon which to base a claim is a satisfactory reason for not initially bringing that claim."); *Story v. Midland Funding LLC*, No. 3:15-cv-0194-AC, 2016 U.S. Dist. LEXIS 139781, at *10 (D. Or. Oct. 7, 2016) ("Alleging new claims based on new information does not cause undue delay, even if some of the facts underlying the new claims were available to [plaintiff] when she filed her initial complaint."); *Copart, Inc. v. Sparta Consulting, Inc.*, No. 2:14-cv-00046-KJM-CKD, 2016 U.S. Dist. LEXIS 72269, at *13–14 (E.D. Cal. June 1, 2016) (Plaintiff "has provided a satisfactory explanation for moving to amend at this time, namely that it waited until it had sufficient evidence to support amendment.").[2]

///

---

[2] For the same reasons the Court concludes there is no undue delay warranting the denial of Plaintiff's motion under Rule 15.

### B.  Rule 15 Leave to Amend

#### 1.  Prejudice

The Court next considers whether Plaintiff can demonstrate the proposed amendment is proper under Rule 15. Defendant first contends it would be prejudiced if the Court grants Plaintiff's motion, as discovery would have to be reopened and the pretrial deadlines in this case continued. ECF No. 47 at 16.

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence*, 316 F.3d at 1052 (internal quotation marks omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

Here, Defendant asserts in a conclusory fashion that both fact and expert discovery would need to be re-opened if the Court were to grant Plaintiff's Motion. ECF No. 47 at 16. Defendant does not, however, identify any topic or specific items of discovery that it would require from Plaintiff or any third party. Indeed, Plaintiff's demand for punitive damages appears largely based on a deposition taken of Defendant's 30(b)(6) witness and documents Defendant produced. It seems likely materials relevant to Plaintiff's demand for punitive damages would already be in Defendant's possession. The Court further notes it already continued the pre-trial deadlines in this case pursuant to Defendant's request. ECF No. 52. The deadline to file pretrial motions is now set for March 7, 2025—rendering Defendant's argument it would be required to file pretrial motions without knowing the full scope of this case moot. ECF Nos. 47 at 16; 52 at 1,

Here, where Defendant appears to bear some responsibility for the delay, and also appears to have had the relevant facts in its possession, the Court finds Defendant has not met its burden of demonstrating prejudice. *See In re Northrop Grumman Corp. Erisa Litig.*, No. CV 06-06213 MMM (JCx), 2010 U.S. Dist. LEXIS 148742, at *39 (C.D. Cal. Aug. 12, 2010) ("Because the burden of showing prejudice lies with defendants, and because they offer only speculative and conclusory suggestions of prejudice, they have not met their burden here.").

///

   *2.   Futility*

Defendant next contends Plaintiff's motion for leave should be denied under Rule 15, because Plaintiff's proposed amendment is futile. Specifically, Defendant contends Plaintiff has not pleaded sufficient facts supporting a prayer for punitive damages as Plaintiff has not alleged the involvement of one of Defendant's officers, directors, or managing agents. ECF No. 47 at 17–18

Under California law, "[a]n award of punitive damages against a corporation . . . must rest on the malice of the corporation's employees." *Wilson v. S. Cal. Edison Co.*, 234 Cal. App. 4th 123, 164 (2015) (internal quotation marks omitted). This principle is codified in California Civil Code § 3294, which provides:

> An employer shall not be liable for [punitive] damages . . . based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civ. Code § 3294(b). Nevertheless, while "California law governs Plaintiff's substantive claim for punitive damages under California Civil Code § 3294 . . . the Federal Rules of Civil Procedure govern the punitive damages claim procedurally with respect to the adequacy of the pleadings." *Manuel Luke Hills v. City of Chula Vista*, No. 23-cv-1067-DMS-DDL, 2024 U.S. Dist. LEXIS 215513, at *39–40 (S.D. Cal. Nov. 26, 2024) (internal quotation marks omitted).

Under Federal Rule of Civil Procedure 9(b), "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see Manuel*, 2024 U.S. Dist. LEXIS 215513, at *40 ("Under the less demanding federal pleading standard pursuant to Rule 9(b), Plaintiff's [complaint] needs only include a

'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent.") (internal quotation marks omitted); *Verduzco v. St. Mary's High Sch.*, No. 2:23-cv-02269-KJM-CSK, 2024 U.S. Dist. LEXIS 110243, at *14–15 (E.D. Cal. June 21, 2024) ("While plaintiff must ultimately meet the substantive standard requiring 'oppression, fraud, or malice' to obtain punitive damages, the Federal Rules of Civil Procedure impose no heightened requirement of particularity to support a claim of punitive damages based on malice at the pleading stage.").

Here, the proposed FAC alleges Defendant received numerous complaints about the electric blanket from other customers prior to Plaintiff's injury. FAC ¶¶ 14–15. The FAC further alleges that despite being aware of these complaints, Defendant placed an "unsafe product" into the stream of commerce without adequate warning. *Id.* ¶¶ 17, 21, 25–28. These allegations are sufficient to plead a punitive damages demand under the federal pleading standards.

Defendant's argument that Plaintiff must specifically identify an officer, director, or managing agent in its FAC is unpersuasive. A plaintiff "may meet the standard for pleading punitive damages against corporate employers by showing that the harm alleged could not have occurred in the absence of authorization or ratification by corporate employer." *Anaya v. Machs. de Triage et Broyage*, No. 18-cv-01731-DMR, 2019 U.S. Dist. LEXIS 14316, at *15 (N.D. Cal. Jan. 29, 2019). Here, "[t]he decision to put a product on the market with a certain design, or without certain warnings, can be fairly imputed to a corporate employer because such acts could not have occurred without authorization from an officer, director, or managing agent." *Id.* at *16; *see Pa. Transformer Tech., Inc. v. Charter Oak Fire*, No. 3:22-cv-00611-JAH-AHG, 2023 U.S. Dist. LEXIS 39250, at *11 (S.D. Cal. Mar. 8, 2023) (holding non-specific allegations of ratification are sufficient at pleading stage); *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 889 (N.D. Cal. 2011) (denying motion to strike allegations directed to

punitive damages where plaintiff alleged "certain facts suggesting" that the corporate employer "authorized or ratified" the wrongful conduct).

The Court takes no position on whether Plaintiff will ultimately be able to *prove* the allegations made in the proposed FAC. This is a matter to be resolved later. *See Panoyan v. Regalo Int'l Llc*, No. CV 19-07469 PA (SKx), 2019 U.S. Dist. LEXIS 231019, at *11–12 (C.D. Cal. Oct. 25, 2019) ("If Plaintiffs are unable to support their allegations with probative evidence, their punitive damages claim may later fail either on a motion for summary judgment or at trial."); *Dorador-Martinez v. CoreCivic Inc.*, No. 18-CV-534-CAB-BGS, 2019 U.S. Dist. LEXIS 87421, at *8 (S.D. Cal. May 23, 2019) (failure to identify any individual officer, director, or managing agent fatal to punitive damages claim at summary judgment stage).

## IV.   CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's motion for leave to amend. Plaintiff shall file her First Amended Complaint within **three days** of the date of this Order.

The Parties are **DIRECTED** to meet and confer regarding any requests to further amend the Scheduling Order in light of this Order. Any such motion must be filed by **January 6, 2025**.

IT IS SO ORDERED.

Dated: December 5, 2024

_____
Hon. Robert S. Huie
United States District Judge